14-4450-cv
*Brown v. City of New York*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of November, two thousand and fifteen.

Present:
    PIERRE N. LEVAL,
    PETER W. HALL,
    GERARD E. LYNCH,

            *Circuit Judges.*
_____

SHEILA BROWN,

            *Plaintiff-Appellant*,

        v.                                No. 14-4450-cv


THE CITY OF NEW YORK AND NEW YORK CITY DEPARTMENT OF
SOCIAL SERVICES – HUMAN RESOURCES ADMINISTRATION,

            *Defendants-Appellees,*



_____

For Plaintiff-Appellant:        Stewart Lee Carlin, The Law Offices of Stewart Lee Carlin, P.C.,
                                New York, New York, *for Plaintiff-Appellant Sheila Brown.*


1

For Defendant-Appellee:      Emma Grunberg (Richard Dearing, *on the brief*), *for* Zachary Carter, Corporation Counsel of the City of New York, New York, *for Defendants-Appellees City of New York and New York City Department of Social Services – Human Resources Administration*.

Appeal from a judgment of the United States District Court for the Southern District of New York (Engelmayer, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

This case is part of a long-running dispute involving Plaintiff-Appellant Sheila Brown's allegations of employment discrimination against her employer, New York City (the "City") and the Human Resources Administration, Department of Social Services (the "HRA"). Acting *pro se*, Brown brought claims of sex discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq*. ("Title VII"), New York State Human Rights Law, N.Y. Exec. Law §§ 290 *et seq*. ("NYSHRL"), and New York City Human Rights Law, N.Y. Admin. Code §§ 8-101 *et seq*. ("NYCHRL"). The district court dismissed Brown's claims and denied her leave to file a second amended complaint which only raises the issue of retaliation. The court later denied Brown's counseled motion to reconsider its prior orders. We assume the parties' familiarity with the facts, procedural history, and issues on appeal.

We review a district court's denial of a motion for reconsideration for abuse of discretion. *RJE Corp. v. Northville Indus. Corp.*, 329 F.3d 310, 316 (2d Cir. 2003) (per curiam). "Generally, motions for reconsideration are not granted unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *In re BDC 56 LLC*, 330 F.3d 111, 123 (2d Cir. 2003) (internal quotation marks omitted). Such a motion is "neither an

2

occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have been previously advanced." *Assoc. Press v. U.S. Dep't of Def.*, 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005).

Here, Brown's motion did not provide any additional facts or legal arguments that the court had initially overlooked. The proposed second amended complaint, crafted with the benefit of counsel, fared no better than its *pro se* counterparts in alleging facts plausibly to support "the reduced requirements" that arise in the initial phase of a Title VII action. *Littlejohn v. City of New York*, 795 F.3d 297, 311 (2d Cir. 2015).[1] Among other issues, the second amended complaint failed to allege any facts supporting an inference that Brown's employer had a retaliatory motivation. Brown argues that the temporal proximity between her protected activities and the allegedly adverse employment actions taken against her was sufficient to infer causation. *See Kaytor v. Elec. Boat Corp.*, 609 F.3d 537, 552 (2d Cir. 2010) ("Close temporal proximity between the plaintiff's protected action and the employer's adverse employment action may in itself be sufficient to establish the requisite causal connection between a protected activity and retaliatory action."). The time lapses between Brown's protected activities and the alleged retaliatory acts—ranging from two months to several years—were simply too attenuated to establish that the alleged adverse employment actions were the product of a retaliatory motive absent other supporting factual allegations. *See Williams v. City of New York*, No. 11 Civ. 9679

---

[1] At the time of its decision, the court did not have the benefit of the Second Circuit's decision in *Littlejohn*, which clarified the pleading requirements for Title VII claims. 795 F.3d at 311. There, we held that to survive a motion to dismiss, a retaliation plaintiff must plead facts sufficient, if taken as true, to establish "(1) participation in a protected activity; (2) that the defendant knew of the protected activity; (3) an adverse employment action; and (4) a causal connection between the protected activity and the adverse employment action." *Id.* at 315–16. Regardless, the complaint did not allege facts that would even "indirectly establish causation," *id.* at 319, and was properly subject to dismissal for failure to state a claim.

(CM), 2012 WL 3245448, at \*11 (S.D.N.Y Aug. 8, 2012) ("The passage of even two or three months is sufficient to negate any inference of causation when no other basis to infer retaliation is alleged."); *Murray v. Visiting Nurse Servs. of N.Y.*, 528 F. Supp. 2d 257, 275 (S.D.N.Y. 2007) (noting that courts "have consistently held that the passage of two to three months between the protected activity and the adverse employment action does not allow for an inference of causation").

Granting leave to file a second amended complaint, therefore, would have been futile—not because Brown lacked the "legal acumen," Brief for Appellant at 9, to formulate a complaint—but because the facts alleged in the second amended complaint did not state a colorable claim. *See A.V. by Versace, Inc. v. Gianni Versace S.P.A.*, 87 F. Supp. 2d 281, 298 (S.D.N.Y. 2000) (stating that "if the proposed amended complaint would be subject to 'immediate dismissal' for failure to state a claim or on some other ground, the Court will not permit the amendment") (quoting *Jones v. New York State Div. of Military & Naval Affairs*, 166 F.3d 45, 55 (2d Cir. 1999)).

For these reasons, the judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK